AO 91 (Rev. 11/11) Criminal Complaint      AUSA Stephanie Stern (312) 469-6132

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA

v.

KENNETH ACOSTA-MARTINEZ,
    also known as "Jose Velasco-Martinez"

CASE NUMBER: 25CR44



**FILED**
1/23/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about January 22, 2025, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Reentry of removed alien, by being present and found in the United States after having been previously removed |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

/s/ Matthew Gauder

MATTHEW GAUDER
Special Agent, Homeland Security Investigations (HSI)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: January 23, 2025

*Judge's signature*

City and state: Chicago, Illinois

GABRIEL A. FUENTES, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## **AFFIDAVIT**

I, MATTHEW GAUDER, being duly sworn, state as follows:

1.     I am a Special Agent with Homeland Security Investigations ("HSI"), and have been so employed since approximately 2008. Before that, I was an employee of United States Customs and Border Protection ("CBP") beginning in 2003. My current responsibilities include the apprehension of criminal aliens. I work in conjunction with other law enforcement agencies reviewing cases involving aliens who are charged with or convicted of criminal offenses. I have received training concerning immigration laws, policies, and procedures, including those related to the reentry of previously deported aliens.

2.     This affidavit is submitted in support of a criminal complaint alleging that KENNETH ACOSTA-MARTINEZ, also known as JOSE VELASCO-MARTINEZ[1], has violated Title 8, United States Code, Section 1326(a), Reentry of Removed Alien, by being present and found in the United States after having previously been removed, and is subject to the enhanced penalty provision set forth in Title 8, United States Code, Section 1326(b)(2) because the defendant was previously removed following a conviction for an aggravated felony. Because this

---

[1] According to HSI records, at the time of his arrest in this matter, ACOSTA-MARTINEZ had in his possession what appeared to be genuine identity documents under the name VELASCO-MARTINEZ. As explained later in this affidavit, automated biometric systems positively linked VELASCO-MARTINEZ to the same individual twice previously deported from the United States as ACOSTA-MARTINEZ.

affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging ACOSTA-MARTINEZ with illegal reentry, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3.      This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents, and my review of records maintained by HSI, Immigration and Customs Enforcement ("ICE"), other components of the Department of Homeland Security ("DHS"), the Department of Justice ("DOJ"), and other government agencies.

4.      According to DHS records, ACOSTA-MARTINEZ is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. DHS records reflect that ACOSTA-MARTINEZ was born in Aguascalientes, Mexico between approximately 1977 and 1979; he entered the United States at an unknown time and at an unknown place without being inspected, admitted, or paroled by United States immigration authorities.

5.      According to DHS records, on or about March 20, 2002, ACOSTA-MARTINEZ was ordered removed from the United States to Mexico by an Immigration Official in Chicago, Illinois.

6.      According to DHS records, on or about March 22, 2002, ACOSTA-MARTINEZ was removed from the United States to Mexico through Paso del Norte Bridge in El Paso, Texas.

7. According to DHS records, on or about May 7, 2021, ACOSTA-MARTINEZ was arrested by ICE and Immigration Officials ordered the reinstatement of the order of removal issued against ACOSTA-MARTINEZ on or about March 20, 2002. On the same date, ACOSTA-MARTINEZ was presented a DHS Form I-205 (Warning of Removal/Deportation), a DHS Form I-294 (Warning to Alien ordered Removed or Deported), and a I-871 (Notice of Intent/Decision to Reinstate Prior Order). These forms instructed ACOSTA-MARTINEZ that he was being removed from the United States and was unable to return to the United States because he had been ordered removed from the United States by an Immigration Judge in 2002. ACOSTA-MARTINEZ's photo and fingerprint appear on the I-205; he refused to sign the I-287.

8. Records maintained by the United States District Court for the Southern District of Indiana reflect that on or about January 5, 2022, ACOSTA-MARTINEZ was convicted of unlawful possession of a firearm by an alien illegally or unlawfully in the United States, in violation of Title 18, United States Code, Section 922(g)(5)(A), an aggravated felony under Title 8, United States Code, Section 1101(a)(43)(ii), and sentenced to 15 months' imprisonment, and one year of supervised release. *See United States of America v. KENNETH ACOSTA-MARTINEZ*, Case No. 21CR165.

9. According to DHS records, on or about May 31, 2022, ACOSTA-MARTINEZ was removed from the United States to Mexico through Brownsville, Texas.

3

10. DHS records reflect that on or about January 22, 2025, ACOSTA-MARTINEZ was taken into ICE administrative custody and subsequently processed and fingerprinted. The fingerprints were electronically uploaded into the Federal Bureau of Investigations' Integrated Automated Fingerprint Identification System ("IAFIS").

11. According to DHS records, on or about January 22, 2025, ICE law enforcement officials reviewed the electronic fingerprints from IAFIS, which were electronically uploaded and compared in the DHS Automated Biometric Identification System ("IDENT"). The IDENT system revealed that ACOSTA-MARTINEZ is the same person who was previously removed from the United States to Mexico on or about March 22, 2002, and again on or about May 31, 2022.

12. DHS records reflect that neither ACOSTA-MARTINEZ nor anyone by the name JOSE VELASCO-MARTINEZ had applied for or received permission from the Secretary of the Department of Homeland Security to re-enter the United States.

13. According to DHS records, on or about January 22, 2025, ACOSTA-MARTINEZ agreed to waive his *Miranda* rights and participate in a post-arrest interview. During questioning, ACOSTA-MARTINEZ admitted to knowing that he was previously deported to Mexico twice and that had received paperwork from the United States government regarding his deportations.

14. Based on the foregoing, I respectfully submit that there is probable cause to believe that on or about January 22, 2025 at Chicago, Illinois, in the Northern District of Illinois, Eastern Division, ACOSTA-MARTINEZ, being an alien

who was last removed from the United States on or about May 31, 2022, was found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication for admission into the United States, in violation of Title 8, United States Code, Section 1326(a); and Title 6, United States Code, Section 202(4).

FURTHER AFFIANT SAYETH NOT.

/s/ Matthew Gauder
MATTHEW GAUDER
Special Agent, Homeland Security
Investigations

SWORN TO AND AFFIRMED by telephone January 23, 2025.

Honorable GABRIEL A. FUENTES
United States Magistrate Judge